# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 1, 2012

144639-40

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

LEON JERMANE WALKER,
      Defendant-Appellant.

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Marilyn Kelly
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra,
Justices

SC: 144639
COA: 304593
Oakland CC: 2010-230991-FH

_____/

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

LEON JERMANE WALKER,
      Defendant-Appellant.

SC: 144640
COA: 304702
Oakland CC: 2011-236898-FH

_____/

On order of the Court, the application for leave to appeal the December 27, 2011 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur in the denial of defendant's application for leave to appeal because his alleged actions unquestionably fell within the range of conduct proscribed by MCL 752.795, and there is no contention by defendant that the statute is unconstitutional. However, I share the dissenting justice's concern that MCL 752.795 encompasses an extremely broad range of conduct, and further believe that it potentially extends well beyond even its application in the instant case. Therefore, I write separately to urge the Legislature to consider whether it intends to criminalize the full range of conduct to which the statute potentially extends.

YOUNG, C.J., concurs in the statement of MARKMAN, J.

MARILYN KELLY, J. (*dissenting*).

I would grant leave to appeal. Defendant will be tried on two counts of violating MCL 752.795, Michigan's fraudulent-computer-access statute. This law forbids unauthorized access of a computer or computer program "to acquire, alter, damage, delete or destroy property or otherwise use the service of a computer program, computer, computer system, or computer network."[1] A person convicted of violating MCL 752.795 is subject to a possible prison term of 5 years or a fine of as much as $10,000, or both.[2] Repeat offenders may receive up to a 10-year prison sentence or a fine of as much as $50,000, or both.[3]

The factual basis for one of the charges against defendant is that he allegedly accessed his wife's e-mail account without her permission. This may be the first time in the 33 years since MCL 752.795 became law and the 16 years since it was amended to its present form that the statute has been used as the basis for criminal charges for the behavior in question.

Defendant argues that the language of MCL 752.795 is ambiguous. Also, he insists that the statute was not intended to criminalize a person's reading of his or her spouse's e-mails. He provides examples of innocuous conduct for which a person could be criminally prosecuted under the prosecution's reading of the statute.[4] Defendant also raises a significant question about whether Internet-based e-mail accounts fit within the statute's reference to "a computer program, computer, computer system, or computer network."

I think defendant's arguments are worthy of this Court's review. Accordingly, I

---

[1] MCL 752.795.

[2] MCL 752.797(2)(a).

[3] MCL 752.797(2)(b).

[4] For example, defendant argues that a parent could be convicted for monitoring his or her child's Internet and e-mail usage. He argues that a person could be convicted for using the calculator or word-processing programs on his or her spouse's computer without permission.

would grant leave to appeal to consider whether the statute's language applies to defendant's conduct and, if so, whether this prosecution is based on an overbroad and unreasonable reading of the statute.

Finally, I note that the Legislature is considering a bill introduced specifically because of this prosecution that would exempt defendant's conduct from the scope of MCL 752.795.[5] Given that this Court has declined to consider the issues involved here, the Legislature would do well to consider whether it intends that MCL 752.795 subject the behavior involved here to criminal penalties.

I respectfully dissent and would grant defendant's application for leave to appeal.

---

[5] HB 4532 (introduced April 12, 2011).



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 1, 2012

Clerk

p0529